# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SA CV 21-526 MWF (MRW) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** <br><br> **FRCP 41** |

The Court dismisses the action without prejudice for failure to prosecute and for failure to respond to Court orders.

\* \* \*

1. This is an action for review of the denial of Social Security disability benefits. Pursuant to general order of the Court, the action was

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

referred to Magistrate Judge Wilner for consideration of preliminary matters and further proceedings. (Docket # 4.)

2. Plaintiff is a pro se litigant. According to Judge Wilner's pro se procedural order (Docket # 6), Plaintiff was required to submit to the Court a legal memorandum stating his legal reasons for review of the agency's decision within 35 days from the agency's service of the answer and administrative record in the action.

3. The government filed those items with the Court on September 21, 2021. Plaintiff's memorandum therefore was due by or before October 26. The Court's docket indicates that Plaintiff failed to file anything in support of his request for review.

4. Judge Wilner subsequently issued an order to show cause why the case should not be dismissed. (Docket # 11.) The order directed Plaintiff to respond to the OSC and file his substantive brief by or before January 28, 2022. Plaintiff was expressly informed that failure to act would result in a recommendation under Rule 41 that the matter be dismissed for failure to prosecute or obey court orders. The order also cited the Ninth Circuit's opinion in Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019), regarding dismissal of civil actions.

5. To date, Plaintiff has not responded to the Court's OSC nor has he filed a substantive brief explaining his allegations of error against the agency.

\* \* \*

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

7. Rule 41(b) applies when a court "mandate[s]" a specific action and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, 913 F.3d at 892.

8. A district court must consider a variety of factors before dismissing an action under Rule 41(b). They are: the public's interest in the expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic alternatives to dismissal. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).

9. In the present action, dismissal is appropriate. Plaintiff has not meaningfully participated in the action since its commencement. He did not comply with the original scheduling order governing the case. Plaintiff also did not respond to the magistrate judge's order that sought to advance the case. That order expressly advised Plaintiff that he risked dismissal for failing to act. Plaintiff's failure to respond to the Court's orders demonstrates that he does not have interest in advancing the action.

10. By contrast, the Court, the defense, and the public have a strong interest in terminating the case. This is particularly true given that Plaintiff effectively abandoned the action by not responding to the Court's order or serving the government with his memorandum stating his reasons for requesting review of the agency's decision. Furthermore, because Plaintiff is a pro se litigant who has not abided by the Court's recent orders, no sanction short of dismissal will be effective in moving this case forward. Omstead, 594 F.3d at 1084.

11. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Applied Underwriters, 913 F.3d at 892.

Therefore, the action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: February 22, 2022  _____

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4